| | |
|---|---|
| EARL D. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> MARTINEZ, <br><br> Defendant. | CASE NO. 1:17-cv-01092-AWI-MJS(PC) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY AND TO VACATE DISCOVERY AND SCHEDULING ORDER DEADLINES** <br><br> (ECF No. 30) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's First Amendment retaliation claim against Defendant Martinez.

Before the Court is the Defendant's February 16, 2018 motion to stay discovery and modify the discovery and scheduling order, filed in conjunction with Defendant's motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 30; see also ECF No. 29.) Plaintiff filed opposition. (ECF No. 36.)

Defendant requests that the Court stay discovery, except that pertaining to exhaustion, and vacate the deadlines for discovery and dispositive motions as set in the

1

Discovery and Scheduling Order (ECF No. 27) pending the Court's resolution of Defendant's motion for summary judgment.

Plaintiff objects that staying discovery would be prejudicial because he has not yet had the time to conduct the discovery necessary to respond to Defendant's motion for summary judgment.

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).

The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170–71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C–13–0860 THE (PR), 2014 WL 172187, at *2–3 (N.D. Cal. Jan. 15, 2014). The failure to exhaust is an affirmative defense, and Defendant is entitled to move for judgment on the issue. Albino, 747 F.3d at 1166.

In addition, modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b)(4), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Here, the Defendant exercised due diligence in bringing this motion and judicial economy would be best served by staying discovery, except that pertaining to exhaustion, until the Court rules on the motion for summary judgment. Although the stay could conceivably delay ultimate resolution of Plaintiff's suit, it may expedite it, and the

benefit of the stay outweighs any negative effect.

Accordingly, this motion is GRANTED. Discovery not relating to exhaustion is stayed and the deadlines in this Court's Discovery and Scheduling Order are vacated until after the District Court rules on Defendant's pending motion for summary judgment. (ECF No. 29.)

IT IS SO ORDERED.

Dated:   March 21, 2018            /s/ *Michael J. Seng*
                                                                               UNITED STATES MAGISTRATE JUDGE