UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EARL D. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>MARTINEZ,<br><br>Defendant. | CASE NO. 1:17-cv-01092-AWI-MJS(PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(ECF NO. 29)<br><br>**FOURTEEN-DAY DEADLINE** |
|---|---|

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Martinez on Plaintiff's First Amendment retaliation claim.

Before the Court is Defendant's motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 29.) Plaintiff opposes the motion. (ECF Nos. 35, 36, 37.) Defendant replied. (ECF No. 38.) Plaintiff filed an unauthorized sur-reply. (ECF No. 39.) Absent leave of court, no briefing on Defendants' motion is permitted beyond the opposition and reply. Local Rule 230(*l*). Plaintiff provides no justification for filing this reply to Defendant. The Court did not request or approve the

1

reply. Nonetheless, Defendant did not move to strike the sur-reply and so the Court will consider it, but notes that it contains no new information.

The matter is submitted. Local Rule 230(*l*).

For the reasons set forth below, the undersigned will recommend that Defendant's motion be granted.

**I.      Plaintiff's Allegations**

Plaintiff's allegations may be summarized as follows.

On March 31 Plaintiff filed a 602 staff complaint alleging that Defendant Martinez was responsible for opening the vents in Plaintiff's cell and filling it with "toxic smoke". On April 13, 2017, while Plaintiff was showering, Defendant Martinez sprayed Plaintiff with water and shortened his shower time. When Plaintiff said Martinez was just mad because Plaintiff had filed a complaint against him, Defendant Martinez responded that Plaintiff should not have filed the complaint.

Later on April 13, 2017, at 7:15 pm, Plaintiff asked Defendant Martinez for a phone call. Although other inmates were being released to use the phones, Martinez would not allow Plaintiff to do so, saying "I told you I would get you back."

The Court screened the complaint and concluded that these allegations stated a cognizable retaliation claim based on the shortened shower and denial of the phone time. (ECF Nos. 14, 16, 23.) However, the allegations regarding toxic smoke were deemed implausible and were therefore dismissed with prejudice. (Id.)

**II.     Factual Background**

All facts reflected here are undisputed unless otherwise noted.

From the March 30, 2017 (the date of the first incident of toxic smoke described in the First Amended Complaint) until August 14, 2017 (the date Plaintiff filed his initial Complaint), Kern Valley State Prison ("KSVP") Appeals Office received four appeals submitted by Plaintiff: KVSP-O-17-01105, KVSP-O-17-01146, KVSP-O-17-01404, KVSP-O-17-02384. (ECF No. 29-4 ¶ 5-32.)

### A. Appeal KVSP-O-17-01105

On March 30, 2017, Plaintiff submitted Appeal No. KVSP-O-17-01105, in which he stated that "toxic smoke" was coming through the vent in his cell for the past two days. (Id. at 14.) He further claimed that the "tower officer" was "taking the vent cover off of the roof and . . . spraying toxic smoke" in his cell. (Id.)

On April 25, 2017, Appeal No. KVSP-O-17-01105 was rejected for failing to provide sufficient details. (Id. at 12.) Plaintiff was told to provide staff names and the times that alleged misconduct occurred. (Id.) On April 27, 2017, Plaintiff responded by adding that Defendant Martinez continued to spray toxic smoke in Plaintiff's cell in retaliation against Plaintiff. (Id.)

On May 15, 2017, Appeal No. KVSP-O-17-01105 was cancelled because it was determined that it was a duplicate of Appeal No. KVSP-O-17-01146, which was further along in the appeals process and had been forwarded to the Hiring Authority for processing as a Staff Complaint. (Id. at 11.)

On May 23, 2017, Appeal No. KVSP-O-17-01105 was again rejected, this time on the ground that Plaintiff had re-submitted the appeal even though it had been cancelled on May 15, 2017. (Id. at 10.)

### B. Appeal KVSP-O-17-01146

On April 9, 2017, Plaintiff submitted Appeal No. KVSP-O-17-01146. (Id. at 22.)

Plaintiff claimed that Defendant retaliated against him on April 8, 2017 and April 9, 2017, and continued to spray "toxic smoke" in his cell. (Id.) Plaintiff requested that Defendant Martinez be removed from the tower. (Id.)

Appeal No. KVSP-O-17-01146 was initially rejected on April 26, 2017, because inmate Smith had exceeded the number of appeals allowed in a fourteen-day period. (Id. at 19.) On April 27, 2017, Plaintiff responded that the appeals were within fourteen days, but that they had been sitting in the appeals office for more than two weeks. (Id.)

Appeal No. KVSP-O-17-01146 was categorized as a Staff Complaint and bypassed the first level of review. On May 27, 2017, the second level of review partially

granted Appeal No. KVSP-O-17-01146 insofar as a confidential appeal inquiry was conducted, and it was determined that staff did not violate CDCR policy. (Id. at 16-17.)

On June 26, 2017 Appeal No. KVSP-O-17-01146 was received at the third level of review. (ECF No. 29-5 ¶ 9.) In this appeal Plaintiff stated that the hearing for this issue was unfair because Defendant Martinez was present. (Id. at 12.) Plaintiff repeated his complaint that Officer Martinez was retaliating against him by continuing to spray "toxic smoke" in his cell. (Id. at 14.) Plaintiff also stated that on April 11, 2017, Defendant Martinez shortened his shower to five minutes. (Id.)

On August 22, 2017, Plaintiff's appeal was denied at the third level of review. (Id. at 9.) The third level decision noted that Plaintiff's allegations concerned Defendant Martinez allegedly spraying smoke in Plaintiff's cell. (Id.) The third level decision reviewed the confidential inquiry and agreed with the determination that staff did not violate California Department of Corrections and Rehabilitation ("CDCR") policy. (Id.) The decision did not address Plaintiff's claim that Martinez shortened his shower to five minutes.

### C. Appeal KVSP-O-17-01404

On April 26, 2017, Plaintiff submitted April 26, 2017. (Id. at 30.) Plaintiff claimed that Appeals coordinator Almaguer was refusing to process his appeal concerning Officer Martinez spraying toxic smoke into his cell. (Id.)

On May 17, 2017, the first level of review rejected Appeal No. KVSP-O-17-01404, Requested that Plaintiff "[c]larify what misconduct . . . A. Almaguer did." (Id. at 28) The screen-out letter acknowledged that the KVSP Appeals Office had already "received two appeals regarding the alleged misconduct by C/O Martinez." (Id.) Plaintiff appealed and responded that A. Almaguer was aware of the conduct and that the appeals office was purposely screening out Plaintiff's appeals. (Id.)

On May 30, 2017, the first level of review rejected Appeal No. KVSP-O-17-01404 a second time because Plaintiff failed to clarify the conduct that he was complaining of. (Id. at 27.) The response reiterated that the Appeals Office had "received two appeals

1 regarding the alleged misconduct by C/O Martinez," and requested that Plaintiff specify "the continued material adverse effect" that he was appealing. (Id.) Plaintiff did not appeal. (Id. ¶ 25.)

### D. Appeal No. KVSP-O-17-02384

On August 4, 2017 Plaintiff filed Appeal No. KVSP-O-17-02384 and it was received by KVSP's Appeals Office on August 10, 2017. (Id. ¶ 27)

In Appeal No. KVSP-O-17-02384, Plaintiff stated that in retaliation for his lawsuit, staff at KVSP had installed a listening device into his cell and were broadcasting everything Plaintiff said over the intercom. (Id. at 38-39.) Plaintiff also stated that the tower officer was using the intercom system to tell other inmates that he was a snitch and was eating his own feces. (Id.) Plaintiff requested that the listening device in his cell be turned off, and that staff be held accountable for violating his rights. (Id.)

Plaintiff's appeal was bypassed at the first level of review and on August 29, 2017, Plaintiff received a second level response that his appeal had been accepted as a staff complaint. (Id. at 34-36.) Plaintiff was informed that his appeal had been partially granted insofar that a confidential appeal inquiry was conducted and it was determined that staff did not violate CDCR policy. (Id.)

On October 6, 2017, Plaintiff appealed on the grounds that institution did not conduct an investigation. (ECF No. 37 at 9.) On January 11, 2018, Plaintiff received a response from the third level of review. (Id. at 6.) The appeal concerned the installation of a listening device into Plaintiff's cell as ongoing retaliation for Plaintiff's filing of a lawsuit and the appeal was denied. (Id.) The third level of review concurred with the decision of the second level of review and found that staff did not violate policy. (Id.)

### III. Legal Standards

#### A. Summary Judgment Standards

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. Anderson, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); see Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting Celotex, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See Devereaux, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to judgment. See Celotex, 477 U.S. at 323.

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be

raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Plaintiff's pleading is signed under penalty of

perjury and the facts therein that are based on personal knowledge are evidence for purposes of evaluating Defendant's motion for summary judgment.

### B. CDCR Appeal System

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

California prisoners are required to lodge their administrative complaint on a CDCR-602 form. The level of specificity required in the appeal is described in a regulation:
> The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(4).

### C. Exhaustion under Prison Litigation Reform Act ("PLRA")

Under the PLRA, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a

prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90. To properly exhaust, an inmate must comply with the grievance procedures rule and deadlines of the institution where he is incarcerated. Jones v. Bock, 549 U.S. 199, 218 (2007).

Under the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (quoting Griffin, 557 F.3d at 1120). The grievance "need not include legal terminology or legal theories," because "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). The grievance process is only required to "alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Jones, 549 U.S. at 219 (citations omitted). The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. Jones, 549 U.S. at 218; see also Sapp, 623 F.3d at 824 ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations.").

The Ninth Circuit has recognized that the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." See Sapp, 623 F.3d at 824; Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010). An inmate may be excused from exhaustion if he establishes (1) that he actually filed a grievance that, if pursued through all levels of administrative appeals, would exhaust the claim, and (2) that prison officials screened his grievance for reasons inconsistent with or unsupported by applicable regulations. Sapp, 623 F.3d at 823-24.

Prison officials may not render the appeals process unavailable through error or misconduct and then take advantage of the prisoner's failure to complete the process.

1 See Sapp, 623 F.3d at 823 (improper screening and/or processing of an inmate's administrative grievance "renders administrative remedies 'effectively unavailable'") (internal citations omitted). "[A]ffirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable." Albino, 697 F.3d at 1034. See also McBride v. Lopez, 807 F.3d 982, 984 (9th Cir. 2015) (finding that a threat can render an administrative remedy unavailable).

Exhaustion of administrative remedies may be deemed complete, despite the inmate's failure to comply with a procedural rule, if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); e.g., Id. at 659 (although inmate failed to identify the specific doctors, his grievance plainly put prison on notice that he was complaining about the denial of pain medication by the defendant doctors, and prison officials easily identified the role of pain management committee's involvement in the decision-making process).

**IV.   Parties Arguments**

Defendant moves for summary judgment on the ground that Plaintiff did not exhaust available administrative remedies on his retaliation claim against Defendant Martinez. Defendant argues that Plaintiff did not receive a third level response on any of his appeals before filing his complaint and that none of the appeals served to put prison officials on notice of the specific alleged retaliatory actions of Defendant Martinez that are the subject of this action.

Plaintiff's argues that appeals KVSP-O-17-01146 and KVSP-O-17-02384 serve to exhaust his remedies because they concerned the general ongoing retaliation by Defendant Martinez, and that both were exhausted before he filed suit because they bypassed the first level of review as staff complaints. Plaintiff also argues that remedies were effectively unavailable to him because Appeal No. KVSP-O-17-01105 was inappropriately screened out and this prevented him from exhausting.

## V. Analysis

Defendant has met his burden of demonstrating that there were available administrative remedies and that Plaintiff did not exhaust them. The evidence indicates that none of Plaintiff's appeals concerned Plaintiff's allegations that Defendant Martinez retaliated against Plaintiff by shortening his shower or denying him a phone call. The record reveals no mention of either the shower or phone incident during the institutional review of any of Plaintiff's appeals.

Plaintiff pursued two appeals to the third level review. Appeal No. KVSP-O-17-01146 concerned Defendant Martinez' continued retaliation against Plaintiff for spraying "toxic smoke" in Plaintiff's cell. (ECF No. 29-5 at 12-13.) In Appeal No. KVSP-O-17-02384 Plaintiff complained that prison officials had installed a listening device in his cell and were broadcasting defamatory information about him using the prison loudspeakers. (ECF No. 29-4 at 38-39.)

Even assuming, without deciding, that both appeals were properly exhausted before Plaintiff's complaint was filed (a matter which Defendant disputes), neither appeal concerned the allegations at issue in this action. The nature of these appeals are such that a reasonable prison official investigating Plaintiff's complaints would be on notice only that Plaintiff believed that Defendant Martinez was retaliating against him by spraying smoke in his cell and that prison staff generally was retaliating against him by installing listening devices. The grievances would not have served to notify the prison that Defendant Martinez was engaging in other ongoing retaliatory activity, nor would the grievances have afforded the prison an opportunity to address these concerns. In order to satisfy a prisoner's requirement to exhaust remedies a grievance must alert "the prison to the nature of the wrong for which redress is sought." See Griffin, 557 F.3d at 1120. From the grievances in the record prison officials would not know that Defendant Martinez was limiting Plaintiff's showers or denying phone calls to Plaintiff in retaliation. Therefore, Plaintiff's appeals did not sufficiently provide prison officials notice of the issues involved in this action and do not suffice to exhaust this claim.

Plaintiff did raise the issue of a shortened shower when he appealed KVSP-O-17-01146 to the third level of review (ECF No. 29-5 at 14.) Plaintiff stated, "On 4-11-17 the retaliation continued by Officer Martinez limiting my five minute shower." Prison officials did not respond to Plaintiff's allegation regarding the shower. (See Id. at 9-10.)

California prison regulations state, "Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602." 15 CCR 3084.1. Thus, Plaintiff's later allegation does not conform to the procedural requirements of the CDCR's grievance process. See Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). As noted supra, compliance with section 1997e(a) is mandatory and strictly construed. Woodford, 548 U.S. at 85-86; Sapp, 623 F.3d at 818. In order for Plaintiff's failure to follow procedural rules to be excused prison official must issue a ruling on the merits "at each available step of the administrative process." Reyes, 810 F.3d at 658. Plaintiff provides no information that this is the case here. Therefore, Appeal No. KVSP-O-17-01146 did not serve to exhaust Plaintiff's administrative remedies as it relates to his claims against Defendant Martinez in this action.

Accordingly, the undisputed evidence shows that California provides an administrative remedies system for California prisoners to complain about their conditions of confinement, and that Plaintiff used that California inmate-appeal system to complain about other events, but not those regarding the incidents at issue in this action. Since Defendant has met his burden, the burden thus shifts to Plaintiff to come forward with evidence that something in his particular case made the existing administrative remedies effectively unavailable to him. See Albino, 747 F.3d at 1172.

Plaintiff argues that remedies were effectively unavailable to him because Appeal No. KVSP-O-17-01105 was inappropriately screened out and it would have served to exhaust his claims if it had been appropriately reviewed. Appeal No. KVSP-O-17-01105 addressed Plaintiff's allegation that the tower officer was spraying "toxic smoke" into his cell. (ECF No. 29-4 at 14.) The record indicates that KVSP-O-17-01105 was cancelled

1 as a duplicate of KVSP-O-17-01146, which was further along in the review process, and concerned the same factual allegations that tower officials were spraying smoke in Plaintiff's cell. (Id. at 11.) Nothing before the Court suggests that Appeal No. KVSP-O-17-01105 would have served to exhaust Plaintiff's administrative remedies had it not been screened out. This grievance only concerned Plaintiff's allegations regarding tower officials spraying smoke and not any other retaliatory acts. Again, as noted above, this does not serve to put prison officials on notice of "the nature of the wrong" and the redress sought. Griffin, 557 F.3d at 1120.

Based on the foregoing, the undersigned thus concludes that Plaintiff failed to exhaust his administrative remedies because Defendant's alleged retaliatory actions were not pursued through all levels of the administrative grievance process. Accordingly Defendant's motion for summary judgment for failure to exhaust administrative remedies should be granted.

## VI. Rule 56(d) Request

Plaintiff asks the Court to hold the motion for summary judgment in abeyance to allow him to pursue discovery to support his claim that he exhausted administrative remedies. (ECF No. 35 at 1-3.) Plaintiff does not specify what information he seeks.

"Rule 56(d) 'provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" Atigeo LLC v. Offshore Ltd., 2014 WL 1494062, at *3 (W.D. Wash. Apr. 16, 2014) (quoting United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002)). Federal Rule of Civil Procedure 56(d) permits the Court to delay consideration of a motion for summary judgment to allow parties to obtain discovery to oppose the motion. When a motion for summary judgment is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," a Rule 56(d) motion should be freely granted. Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).

A party asserting that discovery is necessary to oppose a motion for summary judgment "shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Local Rule 260(b). However, where "no discovery whatsoever has taken place, the party making a Rule 56[(d)] motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." Burlington N., 323 F.3d at 774. "The Courts which have denied a Rule 56[(d)] application for lack of sufficient showing to support further discovery appear to have done so where it was clear that the evidence sought was almost certainly nonexistent or was the object of pure speculation." VISA Int'l. Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986) (citation omitted).

Here, no discovery had been conducted at the time Defendant filed his motion. Nonetheless, Plaintiff provides no indication of what discovery would be necessary to oppose the motion for summary judgment. The Court notes that the record at this stage of the proceedings is limited to issues relating to exhaustion. Plaintiff does not suggest that the record in that regard is incomplete or that information regarding additional grievances is lacking. He raises no issues on which further discovery would impact the Court's conclusion on the issue of exhaustion. Based on the argument presented, the Court finds no reasonable likelihood that additional discovery would permit Plaintiff to defeat summary judgment, and thus the Rule 56(d) request should also be denied.

**VI.    Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment for failure to exhaust administrative remedies be GRANTED.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned

"Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 9, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE